# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FILED
OCT 11 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Wendell R. Smizer,

Plaintiff

vs.

Advanced Correctional HealthCare, INC.
Nasser M. Gnyed
Laurina K. Boryca
Melissa Caldwell
Jane Doe
Glenn Ensinger

Defendant(s)

Case No. _____
(*The case number will be assigned by the clerk*)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☒ Unknown  Any Violation of Plaintiffs Constitutional Rights

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

1

Smizer/ACH

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Wendell R. Smizer

Prison Identification Number: R.41164

Current address: Vienna Correctional Center. 6695 STATE RT 146 East. Vienna IL 62995

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Advanced Correctional HealthCare, INC (ACH)

Current Job Title: Contracted Medical Providers for the Jail

Current Work Address: 3922 West Baring Trace, Peoria IL 61615

Being Sued in it's Official and Individual Capasity

Defendant #2:

Full Name: Dr. Nasser M. Gayed

Current Job Title: M.D. Doctor, Employed by ACH, Jail Doctor.

Current Work Address: 3922 West Baring Trace, Peoria IL 61615

Being Sued in his Professional/official and individual Capasity.

Please Continue to 2A, part two of page 2.

smizer/ACH

Defendant #3

Full Name: Laurin K. Boryca

Current Job Title: Nurse / _____ Employed by ACH.

Current Work Place: 3922 West Baring Trace
Peoria IL 61615

Being Sued in her Official, Professional and Individual Capacity

Defendant #4

Full Name: Melissa Coldwell

Current Job Title: Psychiatrist for ACH

Current Work Place: 3922 West Baring Trace
Peoria IL 61615

Being Sued in her Official, Professional and Individual Capacity

Defendent #5

Full Name: Jane Doe

Current Job Title: Nurse "LPN." Employed by ACH.

Current Work Place: 3922 West Baring Trace
Peoria IL 61615

Being Sued in her Official, Professional and Individual Capacity

Page 2.A

Defendant #

Full Name: Glenn Ensinger

Current Job Title: Mental Health Counseling Services

Current Work Address: 130 S. Lafayette St, Macomb IL, 61455

Being sued in his professional and individual capasity

Defendant #

Full Name: _____

Current Job Title: _____

Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?  Yes ☒   No ☐

If yes, please describe Fulton Co. Jail, Being deliberate indifferant to my mental Health needs, Being ignored/Denied Mental Health/delayed. Case# 16-CV-1476, Smizer V. Standard et al  Currently Running

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒   No ☐

C. If your answer to B is yes, how many? 2   Describe the lawsuit(s) below.

page 3

1. Name of Case, Court and Docket Number
   1st) 15-CV-1362 Central Courts,    2nd) Smizer V. Standard, 16-CV-1476

2. Basic claim made 1st) exposed to blood, Denied Contesting Punishment.  2nd) Denied Mental Health.

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) 15-CV-1362, Dismissed, not pursued (prejudice). Case, 16-CV-1476 = Currently in Courts. Discovery Process.

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒  No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☒  No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Fulton Co. Jail of Lewistown Illinois

4

smizer/ACH

Date(s) of the occurrence 3-24-15 to 4-6-16,

State here briefly the FACTS that support your case.  Describe what each defendant did to violate your federal rights.  You do not need to give any legal arguments or cite cases or statutes.  Number each claim in a separate paragraph.  Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.  Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1. While incarcerated at the Fulton Co. Jail (FCJ) from 3-24-15 to 4-6-16 as a pre-trial detainee I was placed on suicide watch twice for two serious suicide attempts. "Please see after paragraph (7) for names, dates, and exhibits"

2. During my first attempt to take my life I would be on Suicide Watch from 3-26-15 to 4-10-15. I was NEVER seen by or given mental health. Even as requested.

3. Before my 2nd attempt on 12-27-15, I requested directly to Jail Staff and Medical, and wrote letters to Jail superentendent for Mental Health, During this month. I was denied and my thoughts caused me to take a razor blade over my main vein on my left arm. To take my life.

4. I had also filed two grievences, one on 10-21-15. This was reviewed by Jail Superentendent and medical department. Reason for being denied mental Health, I wanted answers, My relief was ignored.

5. I also persued a hunger strike, on 2-22-16 to 2-26-16, while in the hole at the jail for my Mental Health and my mental health back that was taken away by the jail after a court order while on my 23rd day of 32 days on Suicide Watch during 2nd attempt. It was taken one week being off suicide watch after a promise of coming off suicide watch it would be Continued stated by Glenn Ensigner. But stated by him LT. LaFary (Jail Superentendent = Defendent in Case number 16-CV-1476) I could no longer have sessions unless I or family agreed to pay for sessions. I filed another grievence on 2-21-16 while on hunger strike, for mental Health, I was still denied seeing mental health at this time. By Jail and Medical.

5

smizer/ach

6. I am currently in the Federal Court against the Fulton County Jail where this all took place. Defendents in this are, Sheriff Jeff Standard, Jail Superentendent, LT Doug Lafary and The Fulton Co. Jail. In answers from these defendants even though my situation was brung to them knowing of my condition they place responsibility on their medical providers being of ACH. I was lead to believe by staff and medical that LT. Lafary has to approve mental health, it's persented to him and he make the desicion. But with new discoveries in Medical Records I found that others are responsible aswell. So I bring to this Courts these medical professionals contracted with the jail by ACH that hold responsibility for being deliberate indifferent to my mental issues, and violating my constitutional rights as a pre-trial detainee. delaying, ignoring and doning me help, Mental Health. Resulting in mental anguish and torment from being left in a small cell for weeks, suffering from thoughts of taking my life and after physical harm during my 2nd Attempt that could of ended my life after my request to speak to someone of mental health was denied while knowing of my medical history. (Ex. M & W.)

7. Advanced Correctional Healthcare, Inc. (ACH) Is being sued in it's Official and professional Capasity. They are contracted medical provider to the Jail and holds responsibility on who they employ and send to the FCJ as providers and their actions and violation policies and/or agreements. "Pretrial detainee's Rights"

8. Dr. Nasser M. Gayed (M.D) Is being sued in his Official and professional/individual Capasity. Employed by ACH. This doctor was deliberate indifferent to my Mental health needs. My 2nd request for Mental health (Ex. A) in December 2015 was to Dr. N. Gayed personally on the 17th. Instead of requesting to the jail and/or providing mental health, Dr. Gayed writes on Medical Sheet, some depression and only increases my meds. So my request and need of Mental health was avoided. My 2nd Attempt to take my life came 10 days later on 12-27-15 (Ex. B-1-3, Certified Hospital Reports)

9. Also, In Jail Reports (Ex. C. 1-3) made by C/o: Jamie White spoke to Dr. Gayed, 2nd Attempt

6

Smizer/ACH

No. 9 Cont.

No order to give inmate mental health or even a request to be seen by Mental health. Even As Sgt. Blackwell, stated I told him, I've been having suicidal thoughts for "A couple of months" All this happening and being taken to an outside hospital for physical injuries on a suicide attempt, Jail Medical nor Jail Officials themselves attempted to provide "ANY" type of Mental health. Also, to my knowledge Dr. N. Gayed, made no attempt to provide me with mental health even at the basic, during my first attempt on 3-26-15 (Ex. D·E) And Jail Reports of first suicide attempt along with a note I didn't realize I wrote until received with Medical Records. (Ex F, 1-4)

10. My Grievance filed 11·21·15 (Ex. G) was sent to medical by LT. Lafary in which he stated in response "I Recieved." A nurse to my knowledge, Elizabeth M. Rosenberry (Ex. I) spoke to me. She reports "Inmate wants Answers" But I never recieved any, In Dr. Gayed's reports, He signs off with no response, Ignoring my relief in grievance (lower sec. Ex. H) LT. Lafary knew of this, He made final response on Grievance (Ex-H) my request to Appeal was never addressed.

11. In reports made by Jail and Medical they make sure to state I had no suicidal plans or in references not showing suicidal ideation even though I'm requesting mental health. But clearly if I'm not recieving mental health after attempting suicide, I wouldn't recieve mental health if stating my thoughts, I'd only be isolated until I stated I was better. And it's clear my meds wasn't helping me. I now believe my meds helped me focus on my already negitive thoughts without even the basic form of treatment to focus on the positive. So my mind had mixed and rasing thoughts that I couldn't control. With my meds whether I stated I believe they helped me, I seemed to developed more bad thoughts and behavioral issues. I only refused my meds approx 6 time, As with my hunger strike. If I would of been provided with Mental health as requested on 1st and before 2nd attempt I don't believe I would of had these issues. Or attempted to take my life.

12. I would also be delayed in seeing this Jail Doctor (Dr. Gayed) by 17 days when knowing of me being on suicide watch. It wasn't till after my court date on 1·11·16 when this was

7

smizek/ach

No. 12 cont.

brung to the Judge After making a scene about my situation at the jail and thoughts to my Attorney Walter Barra About wanting to take a razor to myself, A mental health Eval was Court ordered by Judge Thomas Ewing (EX-J). The VERY next day I was seen by Dr. Crayed. I stated I wanted mental health (two other Nurses Present) Dr. Crayed stated he's working on it but LT. Lafary has to approve it. He only writes on medical sheet, "Arrange for (EX-L) mental Health." But what arrangements was made. it's already. My 17th day on suicide watch, left in a small cell with a bright light 24/7 and now after my court date, im seen by Jail Doctor and he wants to Arrange for mental health. This should not be delayed or denied when dealing with serious medical/mental needs, when knowing of my previous history. (EX-M)

13.

This Doctor is in Violation of my due process rights to mental health, As a pretrial detainee, And is Cruel and Unusual punishment delaying and denying mental health knowing I'm being left in a crisis cell. Causing more mental anguish and torement After physical harm from Attemphs to again take my life 10 days After going to him for help. This is also unnecessary and wanton infliction of pain. With diberate Indifference.

14.

I was provide with Glenn Ensigner who works for the courts, by the Courts (EX-J, Court order 1-11-16) Not by Jail or Doctor, my 23rd day of being on suicide watch - 1·18·16. Then one week after being off suicide watch this was per LT. Lafary stated by Glenn, He could no longer see me unless I or family agreed to pay for session. "Note, my court order for mental health was not a fitness for trial"

15.   See Ex- N.1-2, last paragraph. Mr. Ensigner stated I would benifit from treatment and my session with him I felt was helping me and helping me focus on positive. So why would my mental health be discontinued after I was promised if I came off suicide watch my sessions would continue.

8

smizer/ACH

16. On 1-21-16 (Ex. O) Dr. Grayed stated, (After already being seen by Mental health because of the Court order) to continue Mental health, But on 2-2-16 my mental health would be discontinued. This doctor took no steps or Action to object this. It's only been One Week off Suicide watch. I understand I'm not intitle to the medical Core or Mental health of my choice, but for it to be discontinued by interference of jail Superentendent or discontinued Period without a reason is grounds for a Violation of my due process and this doctor took no action. This was the last I seen Dr. Grayed and Glenn Ensinger.

17. I would then develope behavioral issues and placed in Isolation "24/7" On 2-21-16, I then persued a hunger strike to contest my mental health being taken. I wanted it back. I filed a grievence on my hunger strike (Ex U, V). The main perpose of my grievence was Avoided (Ex. V) My hunger strike was ignored, Sheriff, stated in Admission response, He knew nothen of my hunger strike. Even though I resonated it loud and Clear in a jail of approx: 45-60 inmates. But this would show Medical never reported this. I made request to speak with Sheriff and Lt. Lafary, Ignored. (Ex-X, #24-26) I request to medical for mental health and was not provided.

18. Before coming off Suicide watch you have to sign a piece of paper made by Jail and/or Both Medical, In order to come off. It will state you'll agree to notify Jail staff or Medical in basis of reacurring issues. I contacted staff, Jail Superentendents and Medical. They disreguarded and violated their own agreement and failed to help me with request to speak to someone As stated in this Release form (Ex. Y) "twice"

19. An inmate Should not be subjected to only be placed in the hole, without someone of Mental health to speak to. Being Stript with nothing.

9.

smizek/ACH

20. Nurse Laurina K. Boryca, Is being sued in her Official and Individual and/professional Capacity. She is Employed by ACH. I would see this nurse on 1-4-16 (Ex-P) 9 days of being on suicide watch. There was still no mental health after 2nd attempt and physical injuries (on 1-4-16) on 12-27-15. This is the first I would see anyone of jail medical. As other Nurses from ACH was at the jail before 1-4-16. Same ones that would be with Dr. Gayed on 1-12-16.

21. On my medical sheet from Nurse Boryca 1-4-16. Knowing of my suicide attempt and physical injuries there was no arrangements, demands or request for me to be seen by a person of mental health, Even as we spoke of mental health with C/O: Rhonda Hapke present. I was simply sent back to my small cell with no help. It's obvious this nurse knew of my injuries, she Removed my stitches from where I took a razor to my arm. (Ex-C-1-3)

22. Dr. Gayed, gave no new orders to nurse (Ex. P, lower section "Plan") Dr. Gayed knew on 12-27-15 I was taken to an outside hospital, knew of my request for mental health, knew of my physical injuries (Ex. C-1-3) And still did not request or made Arrangement for mental health. At this time.

23. I would again see Nurse Boryca on 1-8-16 (See Ex-Q) Now my 13th day (including the 27th day of December-15) of being on suicide watch and REPEATED request to prison guards and officials. C/O: Rhonda Hapke got me in to see this nurse. Nurse Boryca stated in basic she wasn't sure how to get me mental health. But this nurse and C/O: Rhonda Hapke both stated it would be up to Lt. Lafary. During this time I was asked by this nurse about being placed back in population. In reference they (The jail) needed to free up space.

24. I stated I wanted mental health and in reference. I wasn't sure what I would do. C/O: Rhonda Hapke then stated in a serious manner

10.

Smicer/ACH

25. She did NOT want me to come off suicide watch "if I think I might hurt myself. C/O: Rhonda Hapke ~~Hemple~~ said this. As if it was requested by another person. Not medical or staff. But this nurse knowing I haven't been seen by jail doctor, haven't been seen by mental health person that I've been requesting. Knowing this was my 2nd suicide attempt and self-harm causing physical injuries, was going to use her position as a nurse to allow me to come off. And made no attempt to provide any type of mental health, I still had suicide thoughts, (See Ex-R made by Glenn Ensigner on 1-18-16) and suicidal ideations. And Dr. notes Ex. L. ← After bringing this to the judge on 1-11-16 (Ex-J)

26. ACH, Psychiatrist, Melissa Coldwell. Is being sued in her official, professional and individual capasity. On 2-23-16 and 2-26-16, I was seen by Nurse, (To my knowledge) Wilcoxson LPN. (Ex. S-T) this is during my hunger strike at the jail for mental health. On day 4 vs eating 2-26-16 (Ex. T) This nurse writes, spoke to ACH Psychiatrist Melissa Coldwell, she gave orders to this nurse to have me sent to a hospital for IV's and a mental health eval on 2-29-16 IF I haven't ate by then. So IF this could be ordered, why could(nt) I just be given a mental health person to speak to! And been provided on my first suicide attempt. And my request for mental health to Dr. Grayed before my 2nd attempt.

27. I was on a hunger strike, I was hungry, losing weight nurse states causing more damage to my health (Ex. T) And I would have to go 3 more days NOT eating to be considered mental health I'm requesting. This is clearly deliberate indifference, cruel and unusual punishment, violation of my right to due process, and unnecessary and wanton infliction of pain. A person should not have to go through this. esspecially those with mental issues.

Smizer/ACH

28. On 12-9-15, the same month of my second attempt, I put in a sick call for mental health. It's documented by Jail which was sent to me as discovery documents by defendants Attorney in Case Smizer v. Standard 16-cv-1476 (Ex. Z-1-2) On this same day C/O Rhonda Hapke asked me to sign a piece of paper. I was not refusing my request for mental health. C/O Rhonda Hapke stated if I sign it, she'll write "Inmate has already been seen by nurse requesting a mental health Eval" (Ex. K) I was then told that the nurse had put me in to see the jail Doctor for next week. I seen the doctor on 12-17-15, "8 days later" I requested to him, Dr. Gayed, and did not recieve mental health.

29. Nurse to my knowledge, Wilcoxson LPN. Is also being sued in her Professional and individual capacity. She will be listed as a Jane Doe defendant. I seen this Nurse on the 23rd and 26th of February 2016. (Ex S and T) The time of my hunger strike." These nurse sheets was never signed."

30. According to the sheriff's Responses to written admission in case 16-cv-1476 he was not awhare of the hunger strike. He states on Exhibit X, Number 26. "I did not know plaintiff went on a hunger strike." And in basic, Jail's policy was to rely on determination of medical provider. (please read Exhibit X, number 26) In stating this, This Nurse nor anyone of (ACH) Advance Correctional healthcare, Inc. Including ACH-Psychiatrist, Melissa Coldwell, never spoke to Jail/sheriff and/or his designee that an inmate is on a hunger strike and is requesting and/or is in need of mental mental health.

31. I had also learned on 9-27-17 by Request for Productions of documents that this would not be Advanced Healthcare Correctionals, Inc. first Complaint filed in these Courts from inmates being denied

12.

Smizer/ACH

access to mental health services with repeated request at this facility with grievances filed and doomed unfounded. One case is with Michael Russell, Case # 14-cv-1410. Even though dismissed this shows that this has been an ongoing issue. I would like to mention that if us using the (Bowring V. Godwin) Bowring test, I would fit all 3 test standards stated herein with Exhibits.

32. According to written Admissions from Defendant Jeff Standard (Sheriff) and LT. Doug Lafary. This Staff member (Hapke) nor Anyone of ACH medical reported to them before or during After my suicide Attempt 12-27-15 and during my hunger strike that im requesting and in need of mental health as stated in this complaint which would violate jail and ACH contract/agreement policies. And "Release from Suicide Precautions" Form/agreement 10-04A, which is signed by C/o: Rhonda Hapke and Dr. Gayed. (See Ex. Y)

33. Glenn Ensinger, A mental health counselor. Is being sued in his professional and individual Capacity. As he made a promise to continue sessions if I came off suicide watch. Then after being off suicide watch on 1-27-16, my mental health was discontinued on 2-2-16 After stating I would benifit from treatment.

34. Glenn Ensinger stated to me on 2-2-16 he could no longer have sessions with me unless I or my family agree'd to pay for sessions. Saying this is what "Lafary" told him. However, in written Admission responses from LT. Doug Lafary, He denied saying this. Also, that he (Lafary) had no envolvement with my mental health being discontinued. (Ex 1A number 42)

35. Dr. Gayed who denied my request for mental health 12-17-15 and delayed seeing me for 17 days during my 2nd Attempt, would later state on 1-21-16 (Ex. O) After my mental health had to be court ordered. To continue mental health.

13

Smizer/ACH

36. The Sheriff and Jail superintendent of the Fulton Co. Jail of Lewistown Illinois both state in written admission responses that they wouldn't over ride the profession judgement of medical provider in which they rely on but yet it was discontinued. After Dr Crayed stated for it to be continued and Glenn Ensinger stated I would continue seeing him and would benifit from treatment. I'm yet to know why my mental health was discontinued. Why my Grievence written on 2-21-16 for mental health wasn't addressed properly.

37. To my knowledge, Dr. Nasser Crayed nor Glenn Ensinger did anything to object my mental health being discontinued. Nor did my request for mental health while on my hunger strike was approved.

38. Please See Exhibit B-2, last sentence of first paragraph. States "Needs psychiatric assistance and Eval complete at the County jail facility." This document was made on 12-27-15 when I was admitted to Graham Hospital of Canton Illinois and sent back with me to the Jail for medical perposes. This was ignored by staff of Advance Correctional HealthCare, Inc., "Jail's Contracted Medical Providers."

← In Ending this,

39. I now place this matter in front of the United States Federal Courts, to resonate loud and clear to these defendants that pre-trial detainee's are equal to others and have rights under Constitutional law. That request for mental health at anytime to staff and/or medical should not be ignored, delayed or denied. No inmate should be subjected to confinement on suicide watch after attempt suicide with physical harm/injuries without speaking to a mental health provider. That no inmate should be removed from a suicide watch without being cleared by mental health. No inmate should wait 17 days to see a Jail Doctor while on suicide watch. No inmate should wait 23 days to see mental health. and mental health should not have to be court ordered when an inmate is on suicide watch. No inmate should be left on suicide watch for a month and an inmate should not have to persue a hunger strike for mental health and still be denied.

/s/ Wendell R. Smizer

14

smizer/ACH

# Relief Requested

This plaintiff respectfully prays that this Honorable courts will find that these defendants shown deliberate indifference to the Plaintiff's substantial risk of suicide and Attempted suicide which bring physical injuries that could of taken this Plaintiff's life, After serveral request for mental health services as stated herein this complaint and caused mental anguish and torement from being ignored and left in a isolation cell for 23 days of 32 days with no access to mental Health, suffering from suicidal and self-harm thoughts after his 2nd Attempt on 12-27-15 that constitutes unnessessary and wanton infliction of pain, Violating Plaintiff's Constitutional rights and Law of United States as a pre-trial detainee. This Plaintiff request Relief Stated Below.

1. Order these defendant to pay accountable Compensatory damages desided by Judge And Jury, For Reason stated herein this Relief and Complaint.

2. Order these defendant to pay punitive damages desided by Judge.

3. Order these defendant to pay Attorney fee's and Court cost.

4. Grant other Just and Equitable relief that this Honorable Court deems neccessary For Reasons Stated herein Complaint.

Jury Demand... YES ✓

Signed, third day of October, 2017

Signature, Plaintiff. Wendell R. Smizer

Name of Plaintiff: Wendell R. Smizer
Address: 6695 State Rt. 146 E. Vienna IL 62995
Inmate ID. Number: R.41164
Telephone Number:

15